UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KETTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 1136 CDP |
| | ) | |
| I.C. SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Andrew Ketterman brings this suit against defendant I.C. Systems, Inc., alleging that defendant violated two provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when it attempted to collect an Ameren UE debt from plaintiff. Ketterman alleges that defendant attempted to collect an unlawful processing fee for paying by credit or debit card and that defendant unlawfully attempted to collect a debt that was not his because his ex-wife had opened the Ameren account in his name without his knowledge.

Both parties have moved for summary judgment, although plaintiff filed his motion after the extended deadline for doing so. Setting aside that procedural issue, I will grant defendant's motion and deny plaintiff's. Defendant has presented uncontroverted evidence that the fee for credit card processing was a fee charged by and paid to the credit card processor and defendant does not receive

any of that fee. Plaintiff's only evidence that the bill was not his is his own testimony, which is contradicted by his testimony that he lived in the house, that it was listed in his name, and that he paid the Ameren electric bill while he lived there. Even if this could create a genuine issue of fact, IC is entitled to summary judgment because it has shown that any error on its part was a bona fide error made in reasonable reliance on the information provided by Ameren.

## Facts

On April 11, 2018, plaintiff called defendant to ask about issues with his credit report. The phone call was recorded and this was the only interaction between the parties. During the brief call, plaintiff was informed that he owed a debt of $449.81 for an unpaid Ameren utility bill. He was told that he could pay the entire balance by check or credit or debit card. He was also told that if he chose to pay by card he would be charged a third-party payment processing fee in the amount of $24.74, making the total amount due $474.55. Further, the spokesperson stated "[a]gain, if you don't want that additional fee, you're welcome to pay it by check." ECF 42-1 at 4. Plaintiff was also told that he could break the payment into two separate payments.

The debt that IC was attempting to collect was for electrical service from Ameren UE for a house that plaintiff had previously lived in with his ex-wife. He testified that he had lived at the address shown, that it was a house owned by him,

in his name, and that he paid Ameren bills "up until the time I moved out." ECF 42-7 at p 23, l. 25 to p. 24, l. 2. He also testified that his wife opened the account in his name and without his knowledge. ECF 47-7 at p. 15, l. 2-7.

## Discussion

In determining whether to grant summary judgment, I must view the facts and any inferences from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party may not rest on the allegations in its pleadings but must, by affidavit or other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587.

"[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). Instead, each summary

3

judgment motion must be evaluated separately on its own merits to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. *Husinga v. Federal-Mogul Ignition Co.*, 519 F. Supp. 2d 929, 942 (S.D. Iowa 2007).

"In order to establish a violation of the FDCPA, a plaintiff must establish that: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1021 (E.D. Mo. 2015). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The standard is designed to protect uninformed consumers and contains an objective element in order to protect debt collectors from liability for irregular readings of collection letters. *Id*. at 317-18. The specific subsections that plaintiff alleges defendant violated are § 1692f(1) (collecting a fee not provided in underlying agreement) and § 1692e(2)(A) (making false and misleading statements).

Under § 1692f debt collectors are prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff argues that defendant's attempt to charge plaintiff a processing fee if he chose to pay by card violates this subsection.

Plaintiff's argument fails because defendant has produced uncontested evidence that a third party collects and retains the entirety of the processing fee. Affidavits from officers of defendant's company and of PNS Partners, LLC – the third-party credit card processor used by IC – establish that IC does not receive any of the additional fee. ECF 42-1; 42-6. Instead, PNS receives the money paid through the credit or debit card and does not share the additional fee with IC. This is not a violation of the act because the statute only applies to a "debt collector" and here the fee is paid to a third party which keeps the entire fee. *See Shami v. Nat'l Enter. Sys.*, 914 F. Supp. 2d 353, 357 (E.D.N.Y. 2012) (granting summary judgment for defendant when the evidence demonstrated that a third party collects and retains the entire processing fee); *Lewis v. ABC Business Services, Inc.,* 911 F. Supp. 290, 292-29 (S. D. Ohio 1996) (summary judgment appropriate where uncontradicted evidence showed the fee would go to the independent processor of

the payment processor). Moreover, the 5.5% fee does not violate this subsection because it was an optional form of payment which plaintiff could have avoided if he paid by check. *See Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th Cir. 1997)(affirming summary judgment because the fee was collected by a third party when the debtor chose to pay by credit card).

Plaintiff argues that in *Weast* this Court recognized that a defendant could violate § 1692f(1) by charging a processing fee. But the court in *Weast* was considering a motion to dismiss, not a motion for summary judgment, and specifically noted that although the defendant might be able to produce evidence at the summary judgment stage, it had not done so there. 115 F. Supp. 3d at 1022. Additionally, in *Kojetin v. C U Recovery, Inc.,* 212 F.3d 1318 (8th Cir. 2000), on which plaintiff also relies, the defendant debt collector was the one charging the additional fee. I will grant summary judgment to defendant on the § 1692f(1) claim.

Under § 1692e(2)(A), "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing the "legal status of any debt." 15 U.S.C 1692e(2)(A).

Plaintiff argues that defendant violated § 1692e(2)(A) when it attempted to collect the debt because the debt belonged to his wife who opened the utility

6

account in his name without his knowledge. In his deposition plaintiff testified that he lived at the address where the utility services were furnished, that the house was in his name, and that he owned the home. ECF 42-7, p. 20, l. 1 to l. 13. He also testified that he paid the Ameren bill himself "up until the time I moved out." ECF 42-8, p. 23, l. 25 to p. 24, l. 2. When he called I.C. System to inquire about the debt he did not claim that the debt was not his. The account record from Ameren explicitly states that plaintiff, not his wife, was the account holder. For a dispute to be genuine there must be evidence from which a reasonable jury could return a verdict. *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Plaintiff's conclusory statement, without more, does not create such a genuine dispute, given his admission that he lived in the house and had paid the Ameren bill in the past.

Alternatively, even if this could be considered a genuine dispute of material fact, defendant has shown that it is entitled to judgment because any error on its part was a bona fide error. Under § 1692k(c) a debt collector is not liable if it shows that the violation was not intentional and resulted from a bona fide error notwithstanding policies reasonably adapted to avoid errors. *See e.g., Wilhelm v. Credico, Inc.,* 519 F.3d 416, 420-21 (8th Cir. 2008); *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025 (6th Cir. 1025). Defendant's uncontested evidence shows that it reasonably relied on the information provided to it by Ameren and that it has

7

policies in place that require its employees to review each account for any red flags that might indicate the account is in error. ECF 42-1. Nothing about this account would have alerted defendant to the claim that plaintiff's ex-wife had opened the account in his name, and in the absence of some kind of red flag, defendant could not have reasonably been expected to discover this claim. Indeed, the first time defendant ever heard that plaintiff was claiming the debt was not his was when he filed this suit; the evidence shows there is nothing that could have alerted IC to the issue sooner. Therefore, I will grant defendant's motion for summary judgment on the § 1692e(2)(A) claim.

The parties filed a number of procedural motions, none of which make any difference to the conclusion. I will deny both motions to strike. Although I am denying plaintiff's motion for leave to file summary judgment out of time because his excuse does not withstand scrutiny, I have considered everything in that motion and conclude that it does not change the result.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [42] is granted and defendant is entitled to judgment on plaintiff's complaint as a matter of law.

**IT IS FURTHER ORDERED** that the remaining motions [46, 51, 52, 53] are denied.

An appropriate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2019.